UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

**00-8942**

JTECH COMMUNICATIONS, INC.,

Plaintiff,                          CIV-HURLEY

v.

MAGISTRATE JUDGE
BRANDMAKERS INC., and                      LYNCH
ZOOM COMMUNICATIONS,

Defendants.

_____/

# COMPLAINT FOR
## UNFAIR COMPETITION, FALSE ADVERTISING, TRADEMARK INFRINGEMENT, INJURY TO BUSINESS REPUTATION AND DILUTION, AND TORTIOUS INTERFERENCE WITH PROSPECTIVE AND ACTUAL BUSINESS RELATIONSHIPS

Plaintiff JTECH Communications, Inc. ("JTECH"), by and through its

undersigned counsel, brings this action against Defendants Brandmakers Inc. ("Brandmakers")

and Zoom Communications ("Zoom") (collectively, the "Defendants"), for injunctive relief and

damages under the laws of the United States and the State of Florida. Defendants have engaged

in and, upon information and belief, continue to engage in a campaign to cause confusion in the

minds of consumers by creating the appearance of an affiliation between Zoom and JTECH,

when, in fact, there is none. By their conduct, Defendants have violated and continue to violate

JTECH's federal, state, and common law trademark rights. Defendants' conduct also violates

federal, state, and common laws against unfair competition, false advertising, dilution, and

tortious interference with business relations. Unless promptly enjoined from engaging in this

MORGAN, LEWIS & BOCKIUS LLP
5300 FIRST UNION FINANCIAL CENTER, 200 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 • TELEPHONE (305) 579-0300

course of conduct, Defendants will cause irreparable harm to JTECH's trademarks and its

reputation for providing high-quality products and services.

### Parties and Personal Jurisdiction

1.      JTECH is a Delaware corporation with its principal place of business

located at 6413 Congress Avenue, Suite 150, Boca Raton, Florida 33487.  JTECH is engaged in,

among other things, the manufacture, sale, and servicing of paging systems and components

therefor in the United States and worldwide.

2.      Upon information and belief, Zoom is an affiliate and/or division of

Brandmakers, located at 1325 Capital Circle N.W., Unit C, Lawrenceville, Georgia  30043.

Upon information and belief, Zoom is engaged in, among other things, the manufacture, sale,

resale, and servicing of paging systems in interstate commerce.

3.      Upon information and belief, Brandmakers Inc. is a Utah corporation,

located at 1325 Capital Circle N.W., Unit C, Lawrenceville, Georgia 30043.  Upon information

and belief, Brandmakers is engaged in, among other things, the manufacture, sale, resale and

servicing of paging systems in interstate commerce.

### Jurisdiction and Venue

### Jurisdiction

4.      This action is one for injunctive relief and damages for (a) false

designation of origin, false advertising, and trademark infringement under the Lanham Act, 15

U.S.C. § 1051 et seq., as amended; (b) unfair methods of competition and unfair or deceptive

acts or practices under the Florida Deceptive and Unfair Trade Practices Act, Section 501.204, et

seq., Florida Statutes (1999); (c) injury to business reputation and dilution of trademark under

Florida's Anti-Dilution Statute, Section 495.151, Florida Statutes (1999); (d) unfair competition and trademark infringement under the common law of Florida; and (e) tortious interference with business relationships under the common law of Florida.

5.      This Court has subject matter jurisdiction over the claims in this action that relate to trademark infringement and unfair competition under the Lanham Act pursuant to the provisions of 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), and 1338(b).

6.      This Court has supplemental jurisdiction over the claims that arise under the statutory and common law of Florida pursuant to 28 U.S.C. § 1367(a), because such claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

## Venue

7.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1391(c).  Upon information and belief, both Defendants do substantial business in the Southern District of Florida and a substantial part of the events giving rise to the claims occurred in the Southern District of Florida.

## JTECH'S Business -- a Leader in the Pager Industry

8.      JTECH pagers have been advertised, marketed, and sold in interstate commerce under registered trademarks that have, over the years, achieved a high level of consumer recognition and acceptance.

9.      JTECH is a worldwide leader in the manufacture, sale, and servicing of on-premise paging systems to the hospitality industry; in particular, such nationwide restaurant chains as Outback Steakhouse, Chili's, Romano's Macaroni Grill, Cheesecake Factory, Hard

MORGAN, LEWIS & BOCKIUS LLP

5300 FIRST UNION FINANCIAL CENTER, 200 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 · TELEPHONE (305) 579-0300

Rock Cafe, Olive Garden, and Denny's use JTECH products for server and/or guest paging. In addition, independent restaurants throughout the United States and overseas use JTECH pagers, as do schools, church nurseries, and business offices, among others.

      10.    As a consequence of its high-quality products and service, JTECH's sales reached $25.5 million in 1999.

### The JTECH® Federally-registered Trademarks

      11.    JTECH owns all right, title, and interest in and to several federally-registered trademarks for JTECH. These trademarks (the "JTECH® Marks") are registered on the Principal Register of the United States Patent and Trademark Office for the products indicated (certified copies of the registration certificates are attached as Exhibit 1):

      a.    JTECH® for pagers and components therefor; Federal Registration No. 2,015,306; initially registered on November 12, 1996; and continuously in use in commerce since 1993;

      b.    JTECH® for telecommunications equipment, namely pagers and FM voice transmitters and receivers; Federal Registration No. 1,909,870; initially registered on August 5, 1995; and continuously in use in commerce since 1993; and

      c.    JTECH INC.® for pagers and components therefor; Federal Registration No. 1,916,291; initially registered on September 5, 1995; and continuously in use in commerce since 1993.

      12.    The above-referenced registrations for the JTECH® Marks are valid and subsisting, uncancelled, unrevoked, and constitute conclusive evidence of JTECH's exclusive rights in and to these trademarks pursuant to 15 U.S.C. §1115(b).

MORGAN, LEWIS & BOCKIUS LLP
5300 FIRST UNION FINANCIAL CENTER. 200 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 • TELEPHONE (305) 579-0300

13.     JTECH has spent approximately $3 million in the last five years advertising and marketing its products under its JTECH® Marks to identify the goods, products, and services associated with those trademarks as being of a high quality in the mind of the consuming public.

14.     JTECH has in place an internal quality control program pursuant to which JTECH monitors the quality of the products and services that it provides under the JTECH® Marks.

15.     JTECH has implemented this effort in order to ensure that JTECH customers receive the highest quality of goods and services.

16.     For these reasons, the servicing of JTECH® pagers by anyone other than JTECH serves to void the customer's warranty.

### The Defendants' Misconduct

17.     Early this year, JTECH suspected that a third party, a former JTECH employee, who was under a noncompetition agreement with JTECH, was using the Defendants to operate a competing business in violation of the noncompetition agreement.

18.     In May, 2000, after settlement negotiations with the former employee broke down, JTECH requested that the former employee and Defendants cease their improper conduct, including, among other things, selling pagers, soliciting JTECH customers, and displaying statements that disparaged the JTECH® Marks.

19.     Defendants responded that there was no formal relationship with the former employee; he was used only as a source of pagers and pager repair services.

1-MI/390309.1

- 5 -

20.     Thereafter, Defendants approached JTECH to discuss whether JTECH was interested in purchasing Zoom's business.

21.     These discussions collapsed in or about late August, 2000.

22.     In or about September 2000, JTECH learned that Defendants were engaging in a concerted effort to mislead the consuming public into believing that Zoom was affiliated with JTECH through misuse of the JTECH® Marks.

23.     Among other things, upon information and belief, Defendants were circulating broadcast telecopier advertisements targeting JTECH paging customers, offering, through Zoom, to "warranty your old JTECH paging system[s] and all its components" and, as part of its plan, including a toll-free sales and service hotline telephone number of 1-800-217-5752. (A specimen broadcast telecopier advertisement is attached hereto as Exhibit 2.)

24.     Callers to the published telephone number at times hear a recorded message that thanks them for calling "the ZOOM/JTECH Service Hotline, where we warranty, repair, and replace all JTECH products for less."

25.     On or about September 18, 2000, JTECH sent a letter to Defendants' corporate address via certified mail, requesting that Zoom cease and desist its efforts to confuse the consuming public into believing that there is an affiliation between Zoom and JTECH. (A copy of this cease and desist letter, dated September 18, 2000, is attached as Exhibit 3.)

26.     Rather than comply with JTECH's request, Defendants continued deliberately and knowingly to infringe JTECH's exclusive rights in the JTECH® Marks.

MORGAN, LEWIS & BOCKIUS LLP

5300 FIRST UNION FINANCIAL CENTER, 200 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 • TELEPHONE (305) 579-0300

27.     In fact, in willful disregard of JTECH's rights to the JTECH® Marks,

Defendants, in addition to the above conduct, have been altering pagers manufactured, sold, and

distributed under the JTECH® Marks in an effort to mislead and confuse the consuming public.

28.     Among other things, without authorization, Defendants have been affixing

a sticker to pagers, which bear a JTECH® trademark, so as to purposefully obscure a JTECH

customer service number.

29.     The replacement sticker bears Zoom's name and a different toll-free

telephone number (1-800-919-9903).  (A color photograph of an altered JTECH® pager is

attached hereto as Exhibit 4.)

30.     Defendants' clear purpose in altering these JTECH® pagers is to misdirect

consumers to Zoom, to promote Zoom's related products and services, to benefit unlawfully from

the goodwill developed by JTECH with consumers, and ultimately to have consumers associate

JTECH's trademarks with Zoom's services and to utilize Zoom's services rather than those

offered by JTECH.

31.     In or about early October 2000, JTECH received from a customer a copy

of another form that Defendants, from the Zoom office, had been telecopying to prospective

clients entitled, "JTECH SERVICE Information Form."  This title appears prominently in

boldface type at the top of each form, with the same 1-800-217-5752 telephone number that

appears in the broadcast and advertisement.  (A specimen "JTECH Service Information Form" is

attached hereto as Exhibit 5.)

MORGAN, LEWIS & BOCKIUS LLP

5300 FIRST UNION FINANCIAL CENTER, 200 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 · TELEPHONE (305) 579-0300

32.     Defendants have used and continue to use a trademark owned by JTECH to create confusion in the minds of consumers, thereby diverting sales inquiries and potential sales from JTECH to Zoom.

33.     As a result of Defendants' conduct, JTECH has suffered and will continue to suffer irreparable injury to its trademarks and to the goodwill and business reputation associated with those trademarks. Defendants' infringement of the JTECH Marks, and the wrongful conduct alleged herein, has been and continues to be tortious, malicious, wanton, reckless, and/or willful and deliberate.

## COUNT I

### Federal Unfair Competition

34.     JTECH realleges and incorporates herein by reference each and every allegation set forth in paragraphs 1 through 33.

35.     This is an action for unfair competition pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

36.     Among other things, Defendants' willful and intentional mislabelling of JTECH® pagers in interstate commerce has caused a likelihood of confusion or of misunderstanding as to origin, source, affiliation, connections or association with JTECH and JTECH's goods and services.

37.     Among other things, Defendants' willful and intentional use of a misleading 1-800 telephone number in interstate commerce that informs a caller that they have reached the "Zoom/JTECH Service Hotline" has caused a likelihood of confusion or of

MORGAN, LEWIS & BOCKIUS LLP

5300 FIRST UNION FINANCIAL CENTER, 200 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 · TELEPHONE (305) 579-0300

misunderstanding as to origin, source, affiliation, connections, or association with JTECH and JTECH's goods and services.

38.     Among other things, Defendants' willful and intentional use of promotional material in interstate commerce representing that they are authorized to extend JTECH warranties constitutes a false representation that Defendants' services have sponsorship, approval, characteristics, and benefits that they do not have.

39.     Defendants' acts constitute a violation of 15 U.S.C. § 1125(a).

40.     JTECH has been and is likely to continue to be damaged by Defendants' acts.

41.     As the direct and proximate result of Defendants' use of unfair methods of competition and unfair or deceptive acts, JTECH has suffered and continues to suffer irreparable harm for which JTECH has no adequate remedy at law.

**COUNT II**

**Federal False Advertising**

42.     JTECH realleges and incorporates herein by reference each and every allegation set forth in paragraphs 1 through 41.

43.     Defendants have, by their conduct previously stated, willfully and intentionally misrepresented and continue to misrepresent in interstate commerce that JTECH and Zoom are somehow affiliated in the sale and servicing of on-premise paging systems.

44.     Defendants' conduct constitutes a false or misleading description of fact or false or misleading representation of fact that is likely to cause confusion or mistake or to

MORGAN, LEWIS & BOCKIUS LLP

5300 FIRST UNION FINANCIAL CENTER, 200 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 · TELEPHONE (305) 579-0300

deceive as to the affiliation, connection, or association of Zoom with JTECH and the nature and quality of the goods and services offered by Zoom.

45.     Defendants' acts constitute a violation of 15 U.S.C. § 1125(a).

46.     JTECH has been and is likely to continue to be damaged by Defendants' acts.

47.     As the direct and proximate result of Defendants' false advertising, JTECH has suffered and continues to suffer irreparable harm for which JTECH has no adequate remedy at law.

## COUNT III

### Federal Trademark Infringement

48.     JTECH realleges and incorporates herein by reference each and every allegation set forth in paragraphs 1 through 47.

49.     This is a trademark infringement action pursuant to Section 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a).

50.     Defendants have, by their conduct as described herein, without the consent of JTECH as the registrant, willfully and intentionally used in interstate commerce a registered mark, or a reproduction, counterfeit, copy, or colorable imitation of a registered mark, in connection with the sale, offering for sale, distribution, or advertising of Zoom products and services.

51.     Defendants' use of the JTECH® Marks has caused and is likely to continue to cause confusion or mistake on the part of the consuming public.

52.     Defendants' acts constitute a violation of 15 U.S.C. § 1114(1)(a).

1-MI/390309 1

MORGAN, LEWIS & BOCKIUS LLP

5300 FIRST UNION FINANCIAL CENTER, 200 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 · TELEPHONE (305) 579-0300

53.     JTECH has been and is likely to continue to be damaged by Defendants'

acts.

54.     As a direct and proximate result of Defendants' infringement, JTECH has

suffered financial harm and continues to suffer irreparable harm in loss of reputation and

infringement of its trademark for which JTECH has no adequate remedy at law.

### COUNT IV

### Florida Unfair Methods of Competition
### and Unfair or Deceptive Acts or Practices

55.     JTECH realleges and incorporates herein by reference each and every

allegation set forth in paragraphs 1 through 54.

56.     This is an action for unfair methods of competition and unfair or deceptive

acts or practices under the Florida Deceptive and Unfair Trade Practices Act, Section 501.204, *et*

*seq.*, Florida Statutes (1999).

57.     Defendants' acts have caused and are likely to cause customer confusion

and misunderstanding as to the source, sponsorship, approval, or certification of JTECH's goods

or services and constitute "palming off" in violation of Section 501.204, *et seq.*, Florida Statutes

(1999).

58.     Defendants' unauthorized use of the JTECH® Marks and name has caused

a likelihood of damage to JTECH's business reputation and has impaired JTECH's goodwill in

violation of Section 501.204, *et seq.*, Florida Statutes (1999).

59.     Defendants' campaign to create the impression that an affiliation exists

between Zoom and JTECH has caused confusion as to the affiliation, connection, or association

1-MI/390309.1                                    - 11 -

between Zoom and JTECH and constitutes unfair and deceptive trade practices in violation of

Section 501.204, *et seq.*, Florida Statutes (1999).

60.     JTECH has been and is likely to continue to be damaged by Defendants'

acts.

61.     As the direct and proximate result of Defendants' use of unfair methods of

competition and unfair or deceptive acts or practices, JTECH has suffered and continues to suffer

irreparable harm for which JTECH has no adequate remedy at law.

**COUNT V**

**Florida Anti-dilution Statute**

62.     JTECH realleges and incorporates herein by reference each and every

allegation set forth in paragraphs 1 through 61.

63.     This is an action for injury to business reputation and dilution of

trademark under Florida's Anti-Dilution Statute, Section 501.204, *et seq.*, Florida Statutes

(1999).

64.     Defendants' unauthorized use of the JTECH® Marks and name has caused

a likelihood of damage to JTECH's business reputation and has diluted the distinctive quality of

JTECH's trademarks in violation of Section 501.204, *et seq.*, Florida Statutes (1999).

65.     JTECH has been and is likely to continue to be damaged by Defendants'

acts.

66.     As the direct and proximate result of Defendants' conduct, JTECH has

suffered and continues to suffer irreparable harm for which JTECH has no adequate remedy at

law.

MORGAN, LEWIS & BOCKIUS LLP

5300 FIRST UNION FINANCIAL CENTER, 200 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 · TELEPHONE (305) 579-0300

## COUNT VI

### Common Law
### Trademark Infringement and Unfair Competition

67.     JTECH realleges and incorporates herein by reference each and every

allegation set forth in paragraphs 1 through 66.

68.     This is an action for trademark infringement and unfair competition under

the common law of Florida.

69.     By their alteration of JTECH's pagers, Defendants have willfully and

intentionally infringed JTECH's common law rights in its JTECH® Marks.

70.     By their campaign to create confusion in the minds of customers,

Defendants have willfully and intentionally competed unfairly with JTECH.

71.     Defendants' acts constitute a violation of the common law of Florida.

72.     JTECH has been and is likely to continue to be damaged by Defendants'

acts.

73.     As the direct and proximate result of Defendants' trademark infringement

and unfair competition, JTECH has suffered and continues to suffer irreparable harm for which

JTECH has no adequate remedy at law.

## COUNT VII

### Common Law
### Tortious Interference with Business Relationships

74.     JTECH realleges and incorporates herein by reference each and every

allegation set forth in paragraphs 1 through 73.

MORGAN, LEWIS & BOCKIUS LLP

5300 FIRST UNION FINANCIAL CENTER, 200 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 • TELEPHONE (305) 579-0300

75.     This is, in the alternative, an action for tortious interference under the common law of Florida.

76.     JTECH has existing and prospective business relationships with paging customers throughout Florida and elsewhere.

77.     Defendants are aware of these relationships.

78.     Defendants by their conduct have intentionally and unjustifiably interfered with these business relationships.

79.     Defendants' acts constitute a violation of the common law of Florida.

80.     JTECH has been and is likely to continue to be damaged by Defendants' breach of JTECH's business relationships.

81.     As the direct and proximate result of Defendants' conduct, JTECH has suffered and continues to suffer irreparable harm for which JTECH has no adequate remedy at law.

**WHEREFORE,** Plaintiff JTECH Communications, Inc. demands relief against Defendants Brandmakers Inc. and Zoom Communications as follows:

1.     A preliminary and permanent injunction pursuant to Federal Rule of Civil Procedure 65; Section 34(a) of the Lanham Act, 15 U.S.C.§ 1116(a); Section 36 of the Lanham Act, 15 U.S.C. § 1118; the Florida Deceptive and Unfair Trade Practices Act, Section 501.204, *et seq.*, Florida Statutes (1999); Florida's Anti-Dilution Statute, Section 495.151, *et seq.*, Florida Statutes (1999); and the common law of Florida:

MORGAN, LEWIS & BOCKIUS LLP

5300 FIRST UNION FINANCIAL CENTER, 200 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 · TELEPHONE (305) 579-0300

(a)      Enjoining and restraining Defendants, their officers, directors, employees, agents, assigns, servants, and any other person in active concert or participation with any of them, from altering the labeling on, or otherwise defacing, JTECH® pagers;

(b)      Enjoining and restraining Defendants, their officers, directors, employees, agents, assigns, servants, and any other person in active concert or participation with any of them, from holding out Zoom to the public in print, recorded, or other media as being affiliated with or authorized by JTECH in any way;

(c)      Enjoining and restraining Defendants, their officers, directors, employees, agents, assigns, servants, and any other person in active concert or participation with any of them, from infringing in any manner the JTECH® Marks and from competing unfairly with JTECH;

(d)      Ordering Defendants, their officers, directors, employees, agents, assigns, servants, and any other person in active concert or participation with any of them, to deliver up to JTECH for destruction all advertising, signs, stationary, labels, or other tangible objects in the possession of, or subject to the control of, Defendants, their officers, directors, employees, agents, assigns, servants, or any other person in active concert or participation with any of them, bearing "JTECH" or any other trademark, service mark, slogan, trade name, or term that misrepresents the origin or source of affiliation, connections; or association with, JTECH and JTECH's goods and services or is confusingly similar to JTECH's trademarks, and to delete and otherwise destroy any such information to the extent that it exists in an electronic non-tangible form;

MORGAN, LEWIS & BOCKIUS LLP

5300 FIRST UNION FINANCIAL CENTER, 200 S. BISCAYNE BOULEVARD, MIAMI, FLORIDA 33131-2339 · TELEPHONE (305) 579-0300

(e)     Ordering Defendants, their officers, directors, employees, agents, assigns, servants, and any other person in active concert or participation with any of them, to remove from all pagers that Defendants have sold or otherwise distributed any label that misrepresents the origin or source of, or any affiliation, connection, or association with, JTECH and JTECH's goods and services or that is confusingly similar to JTECH's trademarks; and

(f)     Requiring Defendants to file with the Court and serve on JTECH within 30 days after the service on Defendants of the injunction, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

2.     A decree ordering an accounting by Defendants to establish the profits that Zoom and, through Zoom, Brandmakers have wrongfully earned through the use of the JTECH® Marks as alleged herein, pursuant to, among others, the Lanham Act.

3.     Judgment against Defendants for any and all damages allowable by law, including but not limited to (a) monetary damages sustained by JTECH, including Defendants' profits wrongfully earned through the use of the JTECH® Marks; (b) three times such profits or damages, at JTECH's election, and attorneys' fees, pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117, the Florida Registration of Trademarks and Services Marks Act, Section 501.204, *et seq*, Florida Statutes (1999), and the common law of Florida; (c) punitive damages; and (d) costs and prejudgment interest, including those permitted under the Lanham Act.

4.     Any and all such other and further relief as this Court may deem appropriate.

1-MI/390309.1                          - 16 -

## JURY TRIAL DEMAND

JTECH hereby demands a jury trial in this matter.

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

Date:  October 17, 2000

_____
Douglas L. O'Keefe
5300 First Union Financial Center
200 South Biscayne Boulevard
Miami, FLA 33131-2339
(305) 579-0424

OF COUNSEL:

Paul D. Weller
Melissa M. Furrer
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
(215) 963-5530

Attorneys for Plaintiff
JTECH Communications, Inc.

1-MI/390309.1



### CERTIFICATE OF REGISTRATION

This is to certify that the records of the Patent and Trademark Office show that an application was filed in said Office for registration of the Mark shown herein, a copy of said Mark and pertinent data from the Application being annexed hereto and made a part hereof,

And there having been due compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents and Trademarks,

Upon examination, it appeared that the applicant was entitled to have said Mark registered under the Trademark Act of 1946, as amended, and the said Mark has been duly registered this day in the Patent and Trademark Office on the

### PRINCIPAL REGISTER

to the registrant named herein.

This registration shall remain in force for TEN years unless sooner terminated as provided by law.

**In Testimony whereof I have hereunto set my hand and caused the seal of the Patent and Trademark Office to be affixed this fifth day of September 1995.**

*Bruce Lehman*

**Commissioner of Patents and Trademarks**

PTO-130
(Rev. 8-89)

# NOTICE

*This Registration will be canceled by the Commissioner of Patents and Trademarks at the end of six years following the date of registration, unless within one year next preceding the expiration of such six years, the registrant files in the Patent and Trademark Office an affidavit showing that said mark is in use in Commerce or showing that its nonuse is due to special circumstances which excuse such nonuse and is not due to any intention to abandon the mark. A fee of $100.00 for each class must accompany the affidavit.*

Int. Cl.: 9



Prior U.S. Cls.: 21, 23, 26, 36 and 38

**United States Patent and Trademark Office**

Reg. No. 1,916,291
Registered Sep. 5, 1995

## TRADEMARK
### PRINCIPAL REGISTER



JTECH INCORPORATED (FLORIDA CORPO-
RATION)
2029 NORTH DIXIE HIGHWAY
POMPANO BEACH, FL 33060

FOR: PAGERS AND COMPONENTS THERE-
FOR, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND
38).

FIRST USE 9-0-1993; IN COMMERCE
9-0-1993.
NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "INC.", APART FROM THE
MARK AS SHOWN.

SER. NO. 74-574,348, FILED 9-16-1994.

GARY THAYER, EXAMINING ATTORNEY



CERTIFICATE OF REGISTRATION

This is to certify that the records of the Patent and Trademark Office show that an application was filed in said Office for registration of the Mark shown herein, a copy of said Mark and pertinent data from the Application being annexed hereto and made a part hereof,

And there having been due compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents and Trademarks,

Upon examination, it appeared that the applicant was entitled to have said Mark registered under the Trademark Act of 1946, as amended, and the said Mark has been duly registered this day in the Patent and Trademark Office on the

PRINCIPAL REGISTER

to the registrant named herein.

This registration shall remain in force for TEN years unless sooner terminated as provided by law.



In Testimony whereof I have hereunto set my hand and caused the seal of the Patent and Trademark Office to be affixed this fifth day of September 1995.

*Bruce Lehman*

Commissioner of Patents and Trademarks

PTO-130
(Rev. 8-89)

# NOTICE

*This Registration will be canceled by the Commissioner of Patents and Trademarks at the end of six years following the date of registration, unless within one year next preceding the expiration of such six years, the registrant files in the Patent and Trademark Office an affidavit showing that said mark is in use in Commerce or showing that its nonuse is due to special circumstances which excuse such nonuse and is not due to any intention to abandon the mark. A fee of $100.00 for each class must accompany the affidavit.*



**Int. Cl.: 9**

**Prior U.S. Cls.: 21 and 26**

## United States Patent and Trademark Office

**Reg. No. 1,909,870**
**Registered Aug. 8, 1995**

### TRADEMARK
### PRINCIPAL REGISTER



JTECH, INC. (FLORIDA CORPORATION)
2029 NORTH DIXIE HIGHWAY
POMPANO BEACH, FL 33060

    FOR: TELECOMMUNICATIONS EQUIP-
MENT, NAMELY PAGERS AND FM VOICE
TRANSMITTERS AND RECEIVERS, IN CLASS
9 (U.S. CLS. 21 AND 26).

FIRST USE 9–30–1993; IN COMMERCE
9–30–1993.

    SER. NO. 74-550,474, FILED 7-18-1994.

KEVIN ELSE, EXAMINING ATTORNEY



# CERTIFICATE OF REGISTRATION
## PRINCIPAL REGISTER

*The Mark shown in this certificate has been registered in the United States Patent and Trademark Office to the named registrant.*

*The records of the United States Patent and Trademark Office show that an application for registration of the Mark shown in this Certificate was filed in the Office; that the application was examined and determined to be in compliance with the requirements of the law and with the regulations prescribed by the Commissioner of Patents and Trademarks, and that the Applicant is entitled to registration of the Mark under the Trademark Act of 1946, as Amended.*

*A copy of the Mark and pertinent data from the application are a part of this certificate.*

*This registration shall remain in force for TEN (10) years, unless terminated earlier as provided by law, and subject to compliance with the provisions of Section 8 of the Trademark Act of 1946, as Amended.*



Bruce Lehman

**Commissioner of Patents and Trademarks**

# Maintenance Requirements

**Section 8:**   This registration will be cancelled after six (6) years by the Commissioner of Patents and Trademarks, *UNLESS, before the end of the sixth year following the date of registration shown on this certificate*, the registrant files in the U.S. Patent and Trademark Office an affidavit of continued use as required by Section 8 of the Trademark Act of 1946, 15 U.S.C. §1058, as Amended. **It is recommended that the Registrant contact the Patent and Trademark Office approximately five years after the date shown on this registration to determine the requirements and fees for filing a Section 8 affidavit that are in effect at that time.** Currently, a fee of $100, and a specimen showing how the mark is used in commerce, is required for *each* international class of goods and/or services identified in the certificate of registration and must be enclosed with the affidavit.

**Section 9:**   This registration will expire by law after ten (10) years, *UNLESS, before the end of the tenth year following the date of registration shown on this certificate*, the registrant files in the U.S. Patent and Trademark Office an application for renewal of the registration as required by Section 9 of the Trademark Act of 1946, 15 U.S.C. §1059, as Amended. **It is recommended that the Registrant contact the Patent and Trademark Office approximately nine years after the date shown on this registration to determine the requirements and fees for filing a Section 9 application for renewal that are in effect at that time.** Currently, a fee of $300, and a specimen showing how the mark is used in commerce, is required for *each* international class of goods and/or services identified in the certificate of registration and must be enclosed with the affidavit.

**Int. Cl.: 9**

**Prior U.S. Cls.: 21, 23, 26, 36 and 38**

**Reg. No. 2,015,306**

## United States Patent and Trademark Office  Registered Nov. 12, 1996

### TRADEMARK
### PRINCIPAL REGISTER

## JTECH

JTECH INCORPORATED (FLORIDA CORPO-
RATION)
6413 CONGRESS AVENUE, SUITE 150
BOCA RATON, FL 33487

FOR: PAGERS AND COMPONENTS THERE-
FOR, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND
38).

FIRST USE 9-0-1993; IN COMMERCE
9-0-1993.
OWNER OF U.S. REG. NOS. 1,909,870 AND
1,916,291.

SER. NO. 75-006,109, FILED 10-16-1995.

MARY CRAWFORD, EXAMINING ATTORNEY

# *ATTENTION*:

# JTECH PAGING CUSTOMERS

### *You Now Have A Choice!!!*

**Don't Be Forced Out of Your Old Paging System Too Soon!**

**Don't Pay High Repair & Replacement Costs!**

## Z O O M Communications™ has the ability to:

- Repair all JTech Equipment (We'll fix your JTech pagers for just $25 each!) **Quick Turn Around!**
- Sell You Replacement JTech Pagers - <u>Loads of Pagers IN STOCK</u> - Lower cost than JTech!
- Warranty your old JTech paging system and all its components.
- BUY your old system, so you can trade up to our <u>HIGH QUALITY</u> products.

WE SELL NEW TOP QUALITY PAGING SYSTEMS SUCH AS

"Coaster Call", "Data Page", and "Waiter Call".

Call Our Sales & Service Hotline Today!

## 800-217-5752

Visit us on the Web at <u>www.zoomcomm.com</u>

**FILE**

**SUN CAPITAL PARTNERS, INC.**
5355 Town Center Road, Suite 602
Boca Raton, FL 33486
(561) 394-0550   fax: (561) 394-0540

September 18, 2000

*Via Certified Mail and Facsimile Transmission*

Zoom Communications,
A Division of Brandmakers, Inc.
1325 Capital Circle N.W., Unit C
Lawrenceville, GA 30043

Attn:   Hank W. Cleare

Re:     Your Use Of The Word "JTECH"

Gentlemen:

I am writing to you today on behalf of one of our portfolio companies, JTECH Communications, Inc., a Delaware corporation with corporate headquarters in Boca Raton, Florida. As you are aware, JTECH Communications, Inc. is in the business of manufacturing and distributing paging systems and components therefor.

JTECH Communications, Inc. has created and extensively marketed and sold its distinctive line of goods throughout the world under the trademark "JTECH". The "JTECH" trademark identifies the Company as the source of these products, and the Company owns strong and protectable rights in its trademark. Both the "JTECH" word mark and the "JTECH" design marks have been registered in the United States Patent and Trademark Office, as well as in other parts of the world.

It has recently come to our attention that Zoom Communications ("Zoom") is using the Company's trademark, "JTECH", in printed advertisements and on Zoom's Sales and Service Telephone Hotline Number 1-800-217-5752. A copy of the relevant printed ad is attached hereto as an Exhibit.

Your use of the Company's registered trademark may constitute infringement on the Company's trademark rights.

In view of the foregoing, we hereby demand that you cease and desist any further use of any trademark, trade name, or other trade identity designation containing the "JTECH" mark. We also demand that you refrain from making any disparaging remarks or statements in your printed and telephonic advertisements regarding JTECH.

If this matter is to be resolved amicably, we must have your compliance with the foregoing demands promptly. We must receive your full cooperation with these demands, and any others that may become appropriate as we learn more about the nature of your business, or JTECH Communications, Inc. will proceed vigorously to enforce its rights.

PLEASE GOVERN YOURSELVES ACCORDINGLY.

Sincerely,

C. Deryl Couch
General Counsel

CDC/jec
Enc.

cc:     Geoff Williams, Registered Agent for Brandmakers, Inc., 6015 A Unity Drive, Norcross, GA 30093



Oct 04 00 08:26a    Brandmakers Inc              770 338 9231              P.2

# JTECH SERVICE Information Form

Company Name: _____

Address: _____

City: _____ State: _____ Zip Code: _____

Phone: _____ Fax: _____

Contact: _____ E-mail: _____

| RMA # | |
|-------|--|

## Please fill out the following, and fax back to us at 678-482-8429

- System Type?    Server Paging ___ Guest Paging ___ Other _____ Age of system: _____
- List the serial number on side of sending unit: _____ 27mhz ___ 49mhz ___
- Pager Type ___ Pager Accessories: ___ Paddle or ___ Belt clip ___
- Pager Color? ___ White ___ Black ___ Opaque      Paddle Color? ___ Black ___ Clear
- List the pager ID code from the back of 4 Different pagers: (ex. 1B1, J1, 6A3) _____
- Type of Service Desired: _____ Repair _____ Replace _____ Both

Please "x" out the pager numbers you want to **Repair:**

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 |
|---|---|---|---|---|---|---|---|---|----|----|----|----|----|----|----|----|----|----|----|
| 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 | 32 | 33 | 34 | 35 | 36 | 37 | 38 | 39 | 40 |
| 41 | 42 | 43 | 44 | 45 | 46 | 47 | 48 | 49 | 50 | 51 | 52 | 53 | 54 | 55 | 56 | 57 | 58 | 59 | 60 |
| 61 | 62 | 63 | 64 | 65 | 66 | 67 | 68 | 69 | 70 | 71 | 72 | 73 | 74 | 75 | 76 | 77 | 78 | 79 | 80 |
| 81 | 82 | 83 | 84 | 85 | 86 | 87 | 88 | 89 | 91 | 92 | 93 | 94 | 95 | 96 | 97 | 98 | 99 | | | |

$25.ºº or X _____ = $_____

Please "x" out the pager numbers you want to **Replace:**

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | 11 | 12 | 13 | 14 | 15 | 16 | 17 | 18 | 19 | 20 |
|---|---|---|---|---|---|---|---|---|----|----|----|----|----|----|----|----|----|----|----|
| 21 | 22 | 23 | 24 | 25 | 26 | 27 | 28 | 29 | 30 | 31 | 32 | 33 | 34 | 35 | 36 | 37 | 38 | 39 | 40 |
| 41 | 42 | 43 | 44 | 45 | 46 | 47 | 48 | 49 | 50 | 51 | 52 | 53 | 54 | 55 | 56 | 57 | 58 | 59 | 60 |
| 61 | 62 | 63 | 64 | 65 | 66 | 67 | 68 | 69 | 70 | 71 | 72 | 73 | 74 | 75 | 76 | 77 | 78 | 79 | 80 |
| 81 | 82 | 83 | 84 | 85 | 86 | 87 | 88 | 89 | 91 | 92 | 93 | 94 | 95 | 96 | 97 | 98 | 99 | | | |

$49.ºº or X _____ = $_____

Please Ship all Products to:        Zoom Communications  (Phone: 800-217-5752)
                                    1325-C Capital Circle
                                    Lawrenceville, GA 30043

Terms & Conditions:
- Terms on all warrantied invoices are – Pre Pay, COD or Credit Card.
- ALL correspondence MUST include the RMA # listed on the top of this form!
- We will cover shipping 1-way back to the customer.
- Warranty does not cover water damage or malitious abuse.
- Items are warrantied for workmanship & defective damaged parts
- Customer is responsible for shipping to us. We suggest shipping in a traceable manner with insurance.
- All service work is shipped UPS ground and insured for replacement value.
- Over night shipping is available at an additional cost.

Please sign below if you agree with the above terms and conditions of sale.

_____          _____
      (Customer)                         Date

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

00-8942

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

JTECH COMMUNICATIONS, INC.

**DEFENDANTS**

BRANDMAKERS, INC. and ZOOM COMMUNICATIONS

_STV HURLEY_   _MAGISTRATE JUDGE LYNCH_

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Douglas L. O'Keefe, Esq., Morgan, Lewis & Bockius LLP, 5300 First Union Financial Center, 200 South Biscayne Boulevard, Miami, Florida 33131-2339  (Telephone: 305-579-0424)

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:   DADE,   MONROE,   BROWARD,   **PALM BEACH**,   MARTIN,   ST. LUCIE,   INDIAN RIVER,   OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION
(PLACE AN "x" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(FOR DIVERSITY CASES ONLY) AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (place an "x" in one box only)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury – Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury – Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☒ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **B SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DWC/DWW (405(g)) | ☐ 892 Economic Stabilization Act |
| | | | | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS–Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | A or B | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

LENGTH OF TRIAL
via ___ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ _unspecified_

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE  October 19, 2000

SIGNATURE OF ATTORNEY OF RECORD   Douglas L. O'Keefe

FOR OFFICE USE ONLY

RECEIPT # 830278   AMOUNT 150.   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____